IN RE:

| | |
|---|---|
| MARTIN J. SMITH | FOR AN ARRANGEMENT |
| SSN:  XXX-XX-4349 | UNDER CHAPTER 11 |
| LAURI B. SMITH | PROCEEDINGS. |
| SSN:  XXX-XX-7886 | |
| | |
| Debtors. | CASE NUMBER 14-80263-JAC11 |

## POST CONFIRMATION AMENDED DISCLOSURE STATEMENT

### I.  BACKGROUND OF CASE:

On January 30, 2014, the above Debtors filed a voluntary petition under 11 U.S.C. Chapter 11 of the United States Bankruptcy Code, hereinafter called "the Code", with the above-described United States Bankruptcy Court, hereinafter called "the Court". On November 12, 2014 the Amended Plan was confirmed.

### HISTORY OF MARTIN J. SMITH AND LAURI B. SMITH

Martin J. Smith (hereinafter referred to as "Debtor") was born on September 30, 1959, in Kingston, Pennsylvania.  After attending Wyoming Valley West High School, the Debtor attended Scranton University, graduating with a bachelor's of science degree in 1981.  After earning a master's of science degree in 1986 from Scranton University, the Debtor attended Georgetown University School of Medicine, receiving his M.D. in 1991.  Following graduation from medical school, the Debtor completed his residency in internal medicine at the University of Alabama in Birmingham in 1995.  After several fellowships in hematology, oncology and hemateopathology, the Debtor is currently employed as a full-time emergency room physician in Arizona.

Lauri B. Smith was born in Orlando, Florida on March 9, 1963.  Since her marriage to the Debtor, she has been primarily responsible for caring for the Debtor's four children.

### EVENTS LEADING TO REORGANIZATION UNDER CHAPTER 11

On October 2, 2000, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Alabama, Southern Division. On April 9, 2002, that Court entered an Order confirming a Plan of Reorganization. Due to certain errors and omissions in accounting, as well as an ongoing dispute between the Debtor and his employer concerning the remission of earned fees, the Debtor fell behind on payments called for under the terms of the confirmed Plan. Prior to the filing of the first bankruptcy case, the Debtor was served with a notice of intent to levy by the Internal Revenue Service with respect to pre- and post-

confirmation taxes. In response, the Debtor filed for relief under Chapter 11 (Case Number 04-84497-JAC11) of the Bankruptcy Code on October 5, 2004. A Plan of Reorganization was confirmed on June 2, 2005. The Debtors operated under the terms of the Plan for approximately three (3) years. The Debtor subsequently defaulted under the terms of the confirmed Plan, resulting in the filing of a case under Chapter 11 on May 16, 2008.( Case Number 08-81504-JAC11). Following confirmation of a Plan of Reorganization the case was closed on April 13, 2009. On May 12, 2012 the Debtors were again forced to file for protection under Chapter 11 of the Bankruptcy Code.(Case Number 12-81414-JAC11). The case was dismissed on May 13, 2013.

Following dismissal of the 2012 case, the Alabama Department of Revenue (ADOR) issued a garnishment against wages of Martin J. Smith. After ADOR's refusal to consider any payout, the Debtors' were left with no alternative to seeking protection under Bankruptcy law.

**The Amended Plan was confirmed on November 12, 2014. In 2018 the Debtors moved to Arizona for Martin Smith to work at Havasu Regional Medical Center Emergency Room. The Debtors in possession signed a Realtor's agency agreement in June, 2018 to sell their Decatur home. The house is in need of serious repairs and has been cited by the City of Decatur for said repairs. The house was appraised at $200,000 in August, 2018 but the house continued to deteriorate. Numerous offers were made between $100,000 and $150,000. Many potential buyers wrote about the deplorable condition of the house. There is presently an offer for $183,500 which is $33,500 over the next best offer. The sale will pay the Alabama Department of Revenue, the Department of Treasury and IRS approximately $15,000 each for their tax liens after the allowance of $31,000 for Debtor's homestead exemption.**

## LIST OF DEBTORS' PROPERTY

The following is a list of the Debtors' property as of the filing date:

### Real Property

| Description | Value |
|---|---|
| Residence located at 2310 Jade Pointe Drive, Decatur, Morgan County, Alabama | **$183,500.00** |

### Miscellaneous Personal Property

| Description | Value |
|---|---|
| Checking account located at Wells Fargo | $ 500.00 |
| Savings account located at Wells Fargo | $ 5.00 |
| Savings account located at PNC | $ 100.00 |
| Checking Account Regions Bank | $ 8,000.00 |

## Household Goods and Furnishings

| Description | Value |
|---|---|
| Desk | $ 100.00 |
| Chairs | $ 50.00 |
| Two credenzas | $ 200.00 |
| Computer | $ 150.00 |
| Couch | $ 100.00 |
| Three chairs | $ 250.00 |
| TV | $ 75.00 |
| VCR | $ 25.00 |
| Miscellaneous appliances | $ 300.00 |
| Bed | $ 100.00 |
| Two nightstands | $ 75.00 |

## Household Goods and Furnishings
### (continued)

| Description | Value |
|---|---|
| Dresser | $ 60.00 |
| TV | $ 20.00 |
| Cabinet | $ 50.00 |
| Four bedroom sets | $ 1,500.00 |
| Mower | $ 100.00 |

## Automobiles

| Description | Value |
|---|---|
| 2007 Toyota 4 Runner | $ 5,000.00 |
| 1996 Toyota Supra | $ 1,000.00 |
| 2011 Toyota Land Cruiser | $ 10,000.00 |
| 2007 Toyota Tundra | $ 4,000.00 |

## LIQUIDATION ANALYSIS

11 U.S.C. § 1129 provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest must receive or retain under the Plan property of a value, as of the effective date of the Plan that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under Chapter 7. The Debtors' Amended Plan of Reorganization proposes to pay 100% of all secured and priority claims, including interest at the rate of no less than 3% per annum as well as keep current on all tax payments. The unsecured creditors will receive $270,000 plus interest at the rate of 3% which exceeds the value of any non-exempt property the Debtor has. Accordingly, the Plan meets the Liquidation Analysis under 11 U.S.C. §1129.

## PROJECTED INCOME AND EXPENSE BUDGET

**Debtors' Income:**

| | |
|---|---:|
| Projected monthly income | $40,000.00 |
| **Total Projected Monthly Income:** | **$40,000.00** |

**Debtors' Expenses:**

| | |
|---|---:|
| Rent or home mortgage | $2,700.00 |
| Utilities | 600.00 |
| Telephone | 200.00 |
| Internet and cable | 250.00 |
| Home maintenance | 300.00 |
| Food | 700.00 |
| Clothing | 150.00 |
| Laundry and dry cleaning | 75.00 |
| Transportation (commutes to jobs) | 1,500.00 |
| Life insurance | 1,100.00 |
| Health insurance | 700.00 |
| Auto insurance | 200.00 |
| Current Taxes | 12,000.00 |
| **Total Monthly Personal Expenses** | **$20,475.00** |

## II. REQUIREMENTS FOR CONFIRMATION:

The purpose of this Statement is to provide the holders of claims against Debtors with adequate information about the Debtors and Amended Plan Post Confirmation to make an informed judgment about the merits of the proposed Amended Plan Post Confirmation. In furtherance of this purpose, the following statutory information is included:

(A) The Plan meets the "feasibility" requirements of the Code as embodied by Section 1129(a)(11) in that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors or any successor to the Debtors under the Plan, unless such liquidation or reorganization is proposed in the Plan. Payments under the Plan not included in the projected expense budget above, total $20,475.00 per month. Based on the above income statement, the Debtor has $19,525.00 per month available to service the Plan.

(B) The Plan meets the "best interests" requirements of the Code as is embodied by Section 1129(a)(7) in that with respect to each Class, each holder of a claim or interest of such Class may accept or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under Chapter 7 of this title on such date.

(C) Pursuant to Section 1126 of the Code, the holder of a claim or interest allowed under Section 502 may accept or reject a Plan, and a Class of claims or interest will have accepted the Plan if such Plan has been accepted by creditors, other than any entity designated under Section 1126(e) that hold at least two-thirds (2/3) in amount and more than one-half (1/2) in number in the case of allowed claims of such Class held by creditors other than any entity designated under Section 1126(e).

### III. DESCRIPTION OF PLAN:

#### CLASSIFICATION OF CLAIMS

**CLASS 1.** **(Administrative Expenses.)** This Class is unimpaired in that the holders of claims in this Class shall receive cash equal to the allowed amounts of such claims or as otherwise agreed by and between the parties at confirmation.

**CLASS 2.** **(Alabama Department of Revenue.)** The Creditor in this Class shall include the Alabama Department of Revenue.

**CLASS 3.** **(Department of Treasury-Internal Revenue Service)** The Creditor in this Class shall include the Department of Treasury-Internal Revenue Service.

**CLASS 4.** **(Capital One Auto Finance.)** The Creditor in this Class shall include Capital One Auto Finance, secured by a lien on one (1) 2007 Toyota 4 Runner. This Class has been paid under the confirmed Amended Plan.

**CLASS 5.** **(World Omni.)** The Creditor in this Class shall include World Omni, secured by a lien on one (1) 2011 Toyota Land Cruiser.

**CLASS 6.** **(BBVA Compass Bank.)** The Creditor in this Class shall include BBVA Compass Bank, secured by a mortgage lien on the Debtors' residence located at 2310 Jade Pointe Drive, Decatur, Morgan County, Alabama.

**CLASS 7.** **(TitleBucks.)** The Creditor in this Class included TitleBucks, secured by a lien on (1) 2007 Toyota Tundra and (1) 1996 Toyota Supra, which has been paid under the confirmed Amended Plan.

**CLASS 8.** **(Student Loans)** The Creditor in this Class shall include all student loans guaranteed in whole or in part by any governmental entity.

**CLASS 9.** **(General Unsecured Claims.)** This Class shall include all allowed unsecured claims held by non-insiders and not otherwise provided elsewhere in the Plan and all claims secured by a lien on property of the Debtor where there is no value for the lien to attach.

**CLASS 10.** **(Other Claims.)** Creditors in this Class shall receive no distribution under the Plan.

## TREATMENT OF CLAIMS

**CLASS 1.** **(Administrative Expenses.)** This Class is unimpaired in that the holders of claims in this Class shall receive cash equal to the allowed amounts of such claims or as otherwise agreed by and between the parties at confirmation.

**CLASS 2.** **(Alabama Department of Revenue - Secured and Priority Claims.)** Claims in this Class and Class 3, totaled approximately $86,493.00. Upon confirmation of the Amended Plan Post Confirmation, the Debtors shall continue to pay to the Creditors in this Class $1,620.79 per month for the remaining months of the original 72 months in full satisfaction of all secured priority claims in this Class. The monthly payments provided herein are based on a 72-month amortization of all claims in this Class, including interest at 3% per annum. The first payment shall be due on the first day of the first full month following entry of an Order confirming the Amended Plan. The remaining payments shall be due on the first day of each month thereafter until all secured and priority claims in this class have been paid. The Department of Revenue will surrender its tax liens which secure the amount of its secured claim and will receive approximately $15,000 from the sale of the debtor's home after payment of the first mortgage, sales commission of 6% and an allowance of $31,000 for the Debtor's homestead exemption.

**CLASS 3.** **(Department of Treasury-Internal Revenue Service - Secured and Priority Claims.)** Claims in this Class totaled approximately $770,336.00. Upon confirmation of the Plan, the Debtors shall pay to the Creditors in this Class $11,704.24 per month for the remaining original 72 months in full satisfaction of all priority claims in this Class. The monthly payments provided herein are based on a 72-month amortization of all claims in this Class, including interest at 3% per annum. The first payment shall be due on the first day of the first full month following entry of an Order confirming the Plan. The remaining payments shall be due on the first day of each month thereafter until all secured and priority claims in this Class have been paid.

The secured portion of the claim in the sum of $86,060.00 shall be amortized over the remainder of the original seventy-two (72) months at the Internal Revenue Code interest rate of 3.00%. The Debtors shall remit monthly payments in the sum of $1,307.57 to the IRS. The first monthly installment was due on or before November 1, 2014 and subsequent installments shall be due on the 1st day of each month thereafter until said debt has been paid in full. The IRS shall surrender its tax liens which secure the amount of its secured claim in this case in return for its one-half (1/2) of the approximate $30,000.00 non-exempt equity. Approximately $15,000 will be paid and the IRS will receive approximately $15,000 from the sale of the debtor's home after payment of the first mortgage, sales commission of 6% and an allowance of $31,000 for the Debtor's homestead exemption.

The unsecured priority portion of the claim in the sum of $684,275.56 shall be amortized over the remainder of the original seventy-two (72) months at the Internal Revenue Code interest rate 3.00%. The Debtors shall remit monthly payments in the sum of $10,396.61 to the IRS. The continued monthly installment shall be due on the 1st day of each month.

The unsecured portion will be paid as an unsecured in Class 9 which proposes to pay over 58% of the claim.

For the tax periods listed on the amended claim filed by the IRS, the time periods found at 26 U.S.C. §§ 6503(b) and 6503(h) are tolled during the term for repayment stated in this plan.

For the tax periods listed on the amended claim, the time periods found at 11 U.S.C. § 507(a)(8) are tolled during the term for repayment stated in this plan.

In the event the Debtors fail to remit any monthly installment on the secured, unsecured priority and/or the general unsecured portion of the IRS amended claim as each payment becomes due, the automatic stay will be considered terminated and the IRS may proceed with its legal and/or administrative remedies to collect any and all sums due on its amended claim.

The Debtors shall timely file any and all post-petition federal income tax returns beginning with the tax year 2020, by the due date for each respective tax year. Upon the filing of the applicable federal income tax return, to the extent there is a balance due the IRS, the Debtors shall remit the balance due at the time the return is filed with the IRS.

During the pendency of the repayment period for the pre-petition tax debt owed to the IRS, in the event the Debtors fail to timely file any and all post-petition federal income tax returns beginning with the tax year 2020, by the due date for each respective tax return and remit payment in full to the IRS, the automatic stay will be considered terminated and the IRS may proceed with its legal and/or administrative remedies to collect any and all sums due on its amended claim (pre-petition tax debt).

Any tax debt for the tax year 2020 shall be treated as a post-petition tax debt in this case and shall not be subject to the payment terms for the pre-petition tax debt as set forth herein.

The IRS tax debt for the tax periods listed on the amended IRS claim shall not be the subject of any discharge entered in this case until the Debtors have complied with the terms of the repayment of the terms of the IRS debt as set for herein.

The IRS reserves the right to adjust the amount of its claim if it determined through the IRS administrative process that the amounts due on any tax period listed on the IRS claim are due to be adjusted.

**CLASS 4.** **(Capital One Auto Finance – Secured.)** The Creditor in this Class has been paid.

**CLASS 5.** **(World Omni - Secured.)** The Creditor in this Class shall be allowed a secured claim in an amount equal to the current balance owed under the terms of the original promissory note, which the Debtors estimate to be $3,924.50. Treatment of the claim of the Creditor in this Class shall be paid for 3 more months at $1,308.17. The Creditor in this Class shall retain its security interest lien on all property securing its claim on the date the original petition was filed, as well as any additional lien on property arising out of the entry of an Order by the Court during the pendency of the bankruptcy case.

**CLASS 6.** **(BBVA Compass Bank - Secured Mortgage.)** The Creditors in this Class shall be allowed a secured claim in an amount equal to the current balance owed under the terms of the original promissory note, which the Debtors estimate to be $110,000, which shall be paid in full from the sale of the Debtors' homestead.

**CLASS 7.** **(TitleBucks.)** The Creditor in this Class has been paid and this class is eliminated.

**CLASS 8.** **(STUDENT LOANS.)** The Creditors in this class were allowed a claim in the amount of $500,000.00. Upon confirmation of the Debtors' Plan, the payment to the Creditor in this class shall increase to $2,000 per month, until the claim of the creditor in this class has been paid in full including interest at the rate of 3% per annum. The first payment to the Creditor in this class shall be due on the first day of the first full calendar quarter following entry of an order confirming the Debtors' Amended Plan.

**CLASS 9.** **(General Unsecured Claims.)** Claims in this Class total approximately $461,861.02. This class will be paid a total of $3,400 as follows: The Debtor shall pay to the Creditors in this Class $4,100.00 per month for the remainder of the 72 months in full satisfaction of all claims in this Class. The monthly payments provided herein will pay approximately 65% of all claims in this Class in full satisfaction of all claims in this class. The first payment to Creditors in this Class shall be due on the first day of the first full calendar month following entry of an Order confirming the Amended Plan. The remaining payments shall be due on the first day of each month thereafter until all payments have been completed.

**CLASS 10.** **(Other Claims.)** Creditors in this Class will receive no distribution under the proposed Plan of Reorganization until all non-insider claims are paid in full.

**IV.** **THE SOURCE OF INFORMATION STATED IN THE DISCLOSURE STATEMENT:**

The information contained in this Disclosure Statement was obtained from the books and records of the Debtors.

V. **THE ACCOUNTING METHOD UTILIZED TO PRODUCE FINANCIAL INFORMATION AND THE NAME OF THE ACCOUNTANTS RESPONSIBLE FOR SUCH INFORMATION:**

The Debtors in the maintaining of the books and records utilizes a cash method of accounting.

VI. **ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS AND LEASES:**

The Debtors specifically reject, subject to the provisions of the Plan of Reorganization, all executory contracts and leases with listed creditors and reserves the right prior to or after confirmation to assume the same upon such notice as the Court may require.

VII. **TAX CONSEQUENCES:**

The Debtors knows of no local, state or federal tax consequences that would result from the confirmation of the Debtors' Plan of Reorganization that would prevent the Debtors from carrying out the terms of the Plan.

VIII. **EFFECT OF CONFIRMATION:**

Except as elsewhere provided, the provisions of a confirmed Plan bind the Debtors, any entity acquiring property under the Plan and any creditor, whether or not the claim of a creditor is impaired under the Plan or whether or not any such creditor has accepted the Plan. Also, confirmation of a Plan vests all of the property of the estate in the Debtors.

Except as elsewhere provided, after confirmation of a Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors and equity security holders.

IX. **PENDING LITIGATION:**

The Debtors know of no pending or imminent litigation that would adversely affect the Debtors' ability to perform under the terms of their Plan of Reorganization.

X. **ESTIMATED ADMINISTRATIVE EXPENSES:**

To the best of the Debtors' knowledge, additional administrative expenses not already approved or paid of approximately $4,170.00 will be necessary to fully consummate the Debtors' Amended Plan of Reorganization.

**XI.    DISCLAIMER:**

In the opinion of the Debtors, the treatment of creditors and interest holders under the Plan provides a greater chance of recovery than that which is likely to be achieved under other alternatives for the reorganization or liquidation of the Debtors.  Accordingly, the Debtors believe that confirmation of the Plan would be in the best interest of creditors and interest holders, and recommends acceptance of the Plan.

This Disclosure Statement has been prepared solely for the benefit of creditors and interest holders of the Debtors.

No representations concerning the Amended Plan are authorized by the Debtors other than those set forth in this Disclosure Statement.  Any representation or inducement that is not contained herein should be reported to the attorney for the Debtors, who will inform the Bankruptcy Court, which may take such action as it deems appropriate.

The Debtors do not warrant or represent that the information contained herein is correct, although great effort has been made to be as accurate and complete as possible under the circumstances.  This statement contains only a summary of the Plan.  The Plan that accompanies this Disclosure Statement is an integral part of this Disclosure Statement, and each creditor and interest holder is urged to review the Plan.

The Debtors make no representation with respect to the effects of taxation (state or federal) on the creditors with respect to the treatment of their claims under the Plan, and no such representations are authorized.  Any tax information contained herein is for informational purposes only.  Parties-in-interest are urged to seek the advice of their own professional advisors should they have any questions with respect to any taxation issues.

The Debtors' will not attempt to discharge any pre-filing debts not otherwise discharged by any prior bankruptcy filing. The Debtors' specifically waive any discharge provisions of 11 USC §1141(d).

All initially capitalized words used in this Disclosure Statement have the same definitions provided for in Article I of the Plan.

This the 13th day of June, 2019.

>/s/ S. Mitchell Howie
> S. Mitchell Howie
> Attorney for Debtors
> 107 North Side Square
> Huntsville, AL 35801
> 256-533-2400
> mitch@huntsvillelaw.info

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this date served a copy of the foregoing Disclosure Statement to all parties listed on the attached Creditors Matrix, by placing a copy in the U.S. Mail, postage prepaid and properly addressed, as well as the Administrator:

      Mr. Richard M. Blythe
      Assistant Bankruptcy Administrator
      United States Bankruptcy Court
      Post Office Box 3045
      Decatur, AL 35602

This the 13th day of June, 2019.

      /s/ S. Mitchell Howie
      S. Mitchell Howie